# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Austin Meyer, ) | |
| ) | Civil Action No.: 3:19-cv-00173-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Henry McMaster, *in his official capacity as Governor*; Mark Hammond, *in his official capacity as Secretary of State*; and Alan Wilson, *in his official capacity as Attorney General*, ) ) ) ) ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of Defendant Mark Hammond's ("Hammond") Motion to Dismiss filed on January 31, 2019. (ECF No. 9.) Moving under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Hammond moves to dismiss the Complaint (ECF No. 1) against him because his official duties, as the Secretary of State for South Carolina, do not "involve oversight or authority over the administration of motor vehicles in South Carolina," and he "is not otherwise referenced in the Complaint." (*Id.* at 1–2 ¶¶ 1–4.) On February 1, 2019, Plaintiff Austin Meyer ("Meyer") responded to Hammond's Motion to Dismiss. (ECF No. 12.) Meyer stated that he "does not oppose the [M]otion" because Hammond is "stipulating that [he] has no authority over motor vehicles in South Carolina . . . ." (*Id.* at 1.) However, Meyer wishes to "reserve the right to add [Hammond], in his official capacity as Secretary of State, to the case should it later be discovered that [he] does have authority over motor vehicles in South Carolina." (*Id.*)

Under the Federal Rules of Civil Procedure, a party may move to dismiss a complaint when the complaint "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

1

"A motion to dismiss tests the sufficiency of a complaint." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). When ruling upon a motion to dismiss under Rule 12(b)(6), a federal district court "must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level' and 'to state a claim to relief that is plausible on its face.'" *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, "'all reasonable inferences' must be drawn in favor of the complainant." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd. v. Consummeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). As such, a federal court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

"Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996)). Therefore, as a matter of law, a complaint is subject to dismissal under Rule 12(b)(6) "if it appears that the plaintiff[] would not be entitled to relief under any facts which could be proved in support of their claim." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 395–96 (4th Cir. 2018) (quoting *Mayes v. Rapoport*,

198 F.3d 457, 460 (4th Cir. 1999)).

Here, Meyer's Complaint alleges that Hammond violated various federal and state laws by "prohibiting Tesla and other similar auto manufacturers from selling its vehicles directly to consumers and by precluding Tesla and other similar auto manufacturers from performing service and repairs within the [s]tate." (ECF No. 1 at 1.) Meyer's Complaint further submits that Hammond served "as the administrator of motor vehicles of South Carolina." (*Id.* at 6 ¶ 15.) However, the laws of South Carolina never mention that Hammond, as the Secretary of State for South Carolina, possesses any authority over motor vehicles. *See* S.C. Code Ann. § 1-5-40(A) (West 2019). In South Carolina, the Secretary of State has the "responsibility . . . to monitor positions on the state boards and [specified commissioners] and any elected or appointed state boards and commissioners . . . ." *Id.* In addition, the Secretary of State administers the registration of corporations and notaries, handles the incorporation of municipalities, and regulates charitable organizations. S.C. Code Ann. §§ 5-1-24, 26-1-15, 33-1-280, 33-31-125 (West 2019). As it specifically relates to motor vehicles, state law first declares that "[t]he South Carolina Department of Motor Vehicles is . . . an administrative agency of the state government."[1] S.C. Code Ann. § 56-1-5(A) (West 2019). South Carolina law further provides that "[t]he [E]xecutive [D]irector [of the Department of Motor Vehicles] is the executive and administrative head of the Department of Motor Vehicles." S.C. Code Ann. § 56-1-5(D) (West 2019). Accordingly, it is an "unwarranted inference[], unreasonable conclusion[], [and] argument[]" that Hammond, in his official capacity,

---

[1] The South Carolina Department of Motor Vehicles "administers the state's motor vehicle licensing and titling laws by maintaining strict controls to deliver secure and valid identification, licenses, and property records . . . ." *About*, S.C. DEP'T OF MOTOR VEHICLES, http://scdmvonline.com/About (last visited May 23, 2019). As indicated by South Carolina law, the Department of Motor Vehicles is tasked with providing a license to car dealers and wholesalers wishing to operate within the state of South Carolina. *See* S.C. Code. Ann. § 26-15-310 (A) (West 2019).

could have a role as an "administrator of motor vehicles [within] South Carolina" or harm Meyer by participating in the regulatory regime for motor vehicles. *See E. Shore Mkts., Inc.*, 213 F.3d at 180.

Moreover, Meyer's Complaint is also "devoid of further factual enhancement" about how Hammond, in his official capacity, played any role in "prohibiting Tesla and other similar auto manufacturers from selling its vehicles directly to consumers and by precluding Tesla and other similar auto manufacturers from performing service and repairs within the [s]tate." (*See* ECF No. 1 at 7–19.) Indeed, Meyer's Complaint contains no mention of how Hammond engaged in any of those activities as the Secretary of State for South Carolina. (*See id.*) Lastly, Hammond's Motion is unopposed by Meyer, and Meyer seems to agree that Hammond lacks authority over motor vehicles in South Carolina unless such authority "be later discovered . . . ." (ECF No. 12 at 1.) Accordingly, for the reasons stated herein and because of Meyer's lack of opposition to the Motion, the court **GRANTS** Hammond's Motion to Dismiss (ECF No. 9) and **DISMISSES WITHOUT PREJUDICE** Meyer's Complaint (ECF No. 1) with respect to Hammond in his official capacity as the Secretary of State for South Carolina.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 23, 2019
Columbia, South Carolina